The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, AR 75502
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney Carlton D. Jones' request for my review of a proposed Miller County ordinance concerning the regulation of "sexually oriented businesses." Mr. Jones has requested that I determine whether it is appropriate to put this ordinance in place in the county. He notes that he finds the ordinance to be redundant and unnecessary in light of existing state law.
The fact that a local ordinance may be redundant of state law in some respects would ordinarily not in itself render the measure ineffectual if enacted. With regard to the proposed ordinance in question, however, consideration must be given to A.C.A. § 14-14-805 (1987), which prohibits the exercise of local legislative authority in particular areas. Section14-14-805(6) states in part as follows:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
* * *
 (6) Any legislative act that defines as an offense conduct made criminal by state law. . . .
The proposed ordinance must therefore be reviewed with reference to this provision, and in so doing I detect a glaring conflict in Section 01A-19, which makes it unlawful to, inter alia, sell or loan sexually explicit material, as set forth therein, to a minor. This section of the proposed ordinance addresses the same conduct that is made criminal by A.C.A. §5-68-501 through -503 (Repl. 1993), and as such may be subject to challenge under A.C.A. § 14-14-805(6), above.
With regard to the "appropriateness" of the ordinance, that is a matter to be determined by the county with the assistance of its local counsel. Concerning potential legal challenges, it seems clear that if enacted, the ordinance will be subject to scrutiny under the First Amendment guarantee of freedom of speech. U.S. Const. amend. I. My review indicates that it would most likely be analyzed as a content-neutral time, place, and manner restriction. See generally Young v. American Mini Theatres,427 U.S. 50 (1976) (the landmark case in the area of classifying sex-oriented businesses for the purpose of licensing). The inquiry would probably focus on whether the ordinance allows for reasonable alternative avenues of protected communication.[1] The question in that instance would be whether the actual application of the ordinance leaves open potential sites for locating a "sexually oriented business." This will require a factual determination. See Ambassador Books Video, supra.
Two helpful sources of authority in analyzing the constitutionality of this ordinance are found at 8 A.L.R. 4th 130 (1981 and Supp. 1995) and 10 A.L.R. 5th 538 (1993 and Supp. 1995). These annotations set forth the cases that have been decided with respect to various local zoning restrictions and licensing requirements in connection with adult businesses. A comparison of the proposed ordinance with those at issue in these cases should offer valuable insight into the ordinance's enforceability.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] See generally Ambassador Books Video v. Little Rock, Ark.,20 F. 3d 858 (8th Cir. 1994) (upholding a Little Rock ordinance limiting the areas of the city in which "sexually oriented businesses" may operate).